**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 05-4694**

───────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM H. HART,

Defendant - Appellant.

───────────

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. David A. Faber, Chief District Judge. (CR-03-77)

───────────

Submitted: March 20, 2006          Decided: April 20, 2006

───────────

Before LUTTIG, MICHAEL, and GREGORY, Circuit Judges.

───────────

Dismissed by unpublished per curiam opinion.

───────────

William C. Forbes, Charleston, West Virginia, for Appellant. Alberto R. Gonzales, United States Attorney General, Randolph J. Bernard, Robert H. McWilliams, Jr., Special Attorneys to the United States Attorney General, Wheeling, West Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

William H. Hart pled guilty to theft/embezzlement of United States property not in excess of $1,000, in violation of 18 U.S.C. § 641 (2000). The district court sentenced Hart to five years of probation, as a condition of which he would serve a six-month term of home confinement, and to pay restitution of $3,000. Hart appeals his sentence, arguing that his sentence was enhanced in violation of his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005).

The Government asserts that Hart validly waived the right to appeal his sentence in the plea agreement. A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51, 53-54 (4th Cir. 1990). A waiver of appeal does not prohibit the appeal of a sentence imposed in excess of the statutory maximum, a sentence based on a constitutionally impermissible factor such as race, United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or proceedings conducted in violation of the Sixth Amendment right to

counsel following the entry of the guilty plea. <u>United States v. Attar</u>, 38 F.3d 727, 732-33 (4th Cir. 1994).

Our review of the record leads us to conclude that Hart knowingly and voluntarily waived the right to appeal his sentence. <u>See</u> <u>Blick</u>, 408 F.3d at 169-73 (holding that plea agreement waiver of right to appeal that district court accepted prior to <u>Booker</u> was not invalidated by change in law effected by that decision). Moreover, the challenges raised on appeal fall within the scope of the waiver. Accordingly, we dismiss Hart's appeal.

We note, however, a clerical error in Hart's criminal judgment. The Government charged Hart with theft/embezzlement of United States property not in excess of $1,000, in violation of 18 U.S.C. § 641 (2000). This is also the charge listed in the plea agreement. Although the judgment correctly describes the offense as theft/embezzlement of United States property not in excess of $1,000, it inaccurately lists the statutory violation as 8 U.S.C. § 641 rather than 18 U.S.C. § 641. We request that the clerk of the district court correct this typographical error. <u>See</u> Fed. R. Crim. P. 36.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED</u>

- 3 -